## CIRCUIT COURT OF THE CITY OF NORFOLK

S & E, Inc.

v.

Empire Fire and
Marine Ins. Co.

June 11, 2004

Case No. (Chancery) CH04-294

BY JUDGE EVERETT A. MARTIN, JR.

I find from the evidence at the hearing of June 7th that the 2000 Ford Windstar van in question had been abandoned, for reasons unknown, in the parking lot of a private apartment complex in Virginia Beach. Pursuant to a contract it has with the owner of the apartment complex, the plaintiff towed the vehicle to its lot in Norfolk on May 17, 2001, and promptly notified the Virginia Beach police by telephone. About July 6, 2001, the plaintiff notified the Virginia Department of Motor Vehicles by filing a storage lien title application. A blue ink stamp dated September 11, 2001, on a copy of that form returned to the plaintiff stated in part "owner found and notified in [---]." The blank was filled in with the abbreviation "NE." I find that the plaintiff received this form back around the middle of October of 2001.

The plaintiff wrote to the Nebraska Department of Motor Vehicles early in the spring of 2002 to learn the identity of the owner. Its request was returned for failure to pay the $1.00 fee and have the application notarized. The application was re-submitted with the filing fee on April 30, 2002. On June 27, 2002, the Nebraska Department of Motor Vehicles notified the plaintiff that the defendant was the title holder.

The plaintiff took no action to notify the defendant of the location of the vehicle until it mailed a notice that the defendant received on February 3, 2003. The van remains to this day on the plaintiff's lot. The plaintiff filed the present petition to sell the van in February 2004; the defendant filed a detinue warrant in May 2004, which was removed to this court and nonsuited. The

14

plaintiff filed an earlier petition to sell the van, which was filed in the General District Court in January 2003 and appealed to this court and nonsuited in October 2003.

The plaintiff seeks an order authorizing the sale of the van pursuant to Code of Virginia § 43-34. I assume the plaintiff is claiming its lien under Code of Virginia § 43-32(C). That subsection requires the plaintiff to give notice to all secured parties within seven days of its receipt of the vehicle. However, the evidence shows there was no secured party in this case. Mr. Hunn also claims that subsection B limits the plaintiff to a $300 lien. However, that subsection only limits the priority of the statutory lien over a secured interest in the vehicle.

I agree with Mr. Byrum that Code of Virginia § 46.2-1209 does not apply to this case, as the van was not removed by a law enforcement officer or left on or adjacent to a roadway. I also find that Code of Virginia § 46.2-1202, upon which Mr. Hunn also relies, does not apply as the plaintiff here was not a "locality or its authorized agent." Code of Norfolk § 25-595 does apply; however, I find that, given the bureaucratic delays within the Virginia and Nebraska Departments of Motor Vehicles, notice within fifteen days was a practical impossibility and that notice by publication in Virginia Beach was unlikely to reach the defendant at its offices in Omaha, Nebraska. Furthermore, § 43-32(C) has its own notification provision that differs from the Norfolk ordinance. Had the General Assembly intended to require notice to the owner as well as a secured party, it would have done so.

I also find that neither party has acted as promptly as it could have or should have. The plaintiff need not have waited almost two months to make its first inquiry to the Virginia Department of Motor Vehicles, several more months to write to the Nebraska Department of Motor Vehicles, or almost seven months to write to the defendant after it learned its identity. However, some delay by the plaintiff in late 2001 could be justified by the advice it received from the Virginia Department of Motor Vehicles that the owner had been found and notified. The defendant itself took no apparent affirmative act to reclaim the van from the time it learned of the van's location in February of 2003 until May of 2004.

The amount of the lien under § 43-32(C) is "all normal costs incident" to the towing and recovery of the vehicle. Mr. Higgins testified that $15.00 per day was the storage fee set by a board, the title of which he was unable to recall. Code of Norfolk §§ 25-302(b), 25-601 establish a maximum daily storage fee of $15.00 for towed vehicles. However, to allow the plaintiff a lien of $15.00 per day since May 17, 2001, would cause the lien to amount to more than $15,000, unjustly enrich the plaintiff, and work a forfeiture of the

vehicle. Equity abhors a forfeiture. *Pence v. Tidewater Townsite Corp.*, 127 Va. 447, 103 S.E. 694 (1920). "Usually equity will grant relief from a forfeiture . . . where just compensation can be made. . . ." Cox, *Equity Principles and Procedure* § 318 (1951).

After considering the facts and equities of the case, I find the plaintiff is entitled to a statutory lien of $4560. The plaintiff may sell the van by public auction; provided that the surplus, if any, of the sale proceeds over $4560 and the costs of the sale shall be paid to the defendant; provided further, that the defendant may redeem the van by paying the plaintiff before the sale the sum of $4560 plus the costs of the sale incurred.